*541 OPINION.
Littleton :
The only question presented in this appeal is whether the three negotiable promissory notes received by taxpayer upon the sale by him of his one-half interest in the partnership of Wolfson, Adelman & Co. should be included in the computation of a gain or profit from the sale of his interest in the partnership at the time the sale was consummated and the notes received.
It is contended by the taxpayer that the additional tax determined by the Commissioner is erroneous for the reason that the three promissory notes received on September 20,1919, upon a sale by him of his one-half interest in the partnership aggregating $130,000, should not be included in computing a taxable gain until subsequently received in cash. In support of this contention he insists that the statute taxes only income actually received; that the notes represented merely a promise to pay and were not income received in any amount until actually paid. We are of the opinion that this contention is without merit. Section 218 (a) of the Revenue Act of 1918 provides:
That for the purpose of this title except as otherwise provided in section 233 the term “ gross income ” includes gains, profits and income * * * of whatever kind and in whatever form paid * * *.
Section 202 (a) (b) of the same act provides:’
That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—
When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; * * *.
The notes here involved were unconditional and negotiable. That such notes are property needs no discussion. Negotiable promissory notes are generally regarded by all courts as property, especially those of a responsible and solvent maker. Citation of authorities on this point is unnecessary. It is admitted by taxpayer that the maker and indorsers of these notes were each responsible and solvent. We are clearly of the opinion from the facts that the notes amounting to $130,000 were received by taxpayer as part payment for his interest in the partnership. The sale was a completed and closed transaction on September 20, 1919. This taxpayer completely and absolutely parted with every interest which he had in the partnership. There is no claim that the property (notes) received by taxpayer was not essentially different in character from the property parted with. The facts show there was an essential difference.
Since the statute specifically provides that property received in exchange for other property shall be regarded as the equivalent of cash to the extent of its fair market value, the Commissioner was correct in taking the notes into consideration in determining the gain or loss on the sale.
No evidence was offered that the notes were not worth their face value at the end of the calendar year 1919. The maker. Samuel *542 Adelman, as well as the indorsers, Benjamin Colitz and Morris Perlman, were each solvent and responsible. The Commissioner upon the evidence before him determined that the notes were equivalent to cash to the extent of their face value. The evidence before us does not warrant a modification of that finding.
Taxpayer contends that if the notes are included in the computation of gain for 1919, the deficiency determined in that year by the Commissioner should be reduced by the amount of taxes paid in 1920 on that portion of his income representing payment on the notes in that year. This contention can not be sustained. The year 1920 was not before the Board on the pleadings and.no evidence is before us with respect to that year. So far as we know the Commissioner has made no determination for the year 1920. It is presumed that if 1919 income was in fact returned by taxpayer in 1920 the Commissioner will make the proper adjustment for that year. The determination of the Commissioner is approved.